# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00704-CR

### Kristin Hannibal, Appellant

### v.

### The State of Texas, Appellee

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 2004-108, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Kristin Hannibal guilty of aggravated robbery and assessed punishment at twenty years' imprisonment. *See* Tex. Pen. Code Ann. § 29.03 (West 2003). Her court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant filed a pro se brief raising five issues or points of error, one of which challenges the legal and factual sufficiency of the evidence. In a legal sufficiency review, the question is whether, viewing all the evidence in the light most favorable to the verdict, a rational trier

of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). In a factual sufficiency review, the question is whether, viewing all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).

The complainant, Kristie Wheeler, testified that she was stabbed and her purse was stolen at a Lockhart car wash on the night of March 31, 2004. There were two robbers: a heavy-set black woman wearing a white T-shirt and with her hair in a bun wielded the knife, while a tall black man wearing dark clothing stole Wheeler's purse from her car. Wheeler did not identify appellant at trial.

On the night of the robbery, and at about the same time, Lockhart police officer Greg Slade pursued a car driven by appellant after observing it speeding. Appellant reached speeds of over one hundred miles-per-hour before losing control and crashing. The five occupants of the car, all of whom were juveniles except appellant, were uninjured. Appellant was wearing a white T-shirt and otherwise matched the description given by Wheeler. Appellant's passengers, Lydia Simmons, Beverly Spruell, Otis Bryant, and Arlester Stoglin, were all dressed in dark clothing.

Bryant told the police that he took the complainant's purse, but he denied stabbing her. He did not testify at appellant's trial. Spruell testified that Bryant, Stoglin, and Simmons committed the robbery. Stoglin testified that Simmons held the complainant at knifepoint while Bryant stole her purse. Simmons testified that she stabbed the complainant while Bryant held her, and that Stoglin stole the purse. Simmons also gave a written statement to the police which was

2

introduced in evidence. Contrary to her trial testimony, Simmons said in her statement that appellant and Bryant were the only persons who got out of appellant's car at the carwash.

Appellant testified that she stopped at the carwash at Bryant's request. He, Stoglin, and Simmons then got out of the car. They returned a short time later and told appellant that Simmons had stabbed a woman. Appellant, who denied any foreknowledge of the robbery, said that she panicked and sped away.

Applying the appropriate standards of review, we hold that the evidence is both legally and factually sufficient to support the jury's guilty verdict. Appellant's fifth pro se point of error is overruled.

Appellant contends that Simmons's written statement was inadmissible because the requirements of family code section 51.095 were not fulfilled. Tex. Fam. Code Ann. § 51.095 (West 2002). She also urges that the statement was inadmissible because Simmons was not taken to a juvenile processing office as required by family code section 52.02. Tex. Fam. Code Ann. § 52.02 (West Supp. 2004-05). These contentions were not preserved by trial objection. In any event, section 51.095 does not preclude the admission of a juvenile's statement if it has a bearing on her credibility as a witness. Tex. Fam. Code Ann. § 51.095(b)(2). It appears from the record that section 52.02 does not apply because Simmons was not in custody when the statement was given. Tex. Fam. Code Ann. § 52.02(a). Pro se points two and four are overruled.

Appellant next asserts that the court gave an improper parole instruction at the punishment stage of trial. The charge contained the instruction mandated by article 37.07, section

4(a). Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2004-05). Contrary to appellant's contention, this instruction was correct. Pro se point of error one is overruled.

Finally, appellant contends that her trial counsel rendered ineffective assistance because she did not object to the admission of Simmons's written statement or to the complainant's "negative in-court identification." No grounds for objection are shown by the record before us, however. Pro se point of error three is overruled.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: October 13, 2005

Do Not Publish

4